UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LEE A MUDLOFF,**

    **Plaintiff,**

v.                                                            Case No: 5:22-cv-189-JA-PRL

**STATE OF FLORIDA,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff, who is proceeding *pro se*, has filed a motion to proceed *in forma pauperis*. (Doc. 2). Previously, the court instructed Plaintiff to file an amended complaint, which he has now done. (Doc. 11). For the reasons discussed below, Plaintiff's motion (Doc. 2) should be denied and the amended complaint (Doc. 11) dismissed.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

As the court previously explained, Plaintiff's amended complaint does not contain a short plain statement of the claim, as required by Rule 8, nor does it delineate the alleged causes of action into counts or another organized manner as required by Rule 9. Although the plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Despite the lack of factual allegations, the Court presumes that Plaintiff is challenging traffic tickets that resulted in the suspension of his driver's license (Marion County case nos. 19TR016523AX, 19TR016524AX). Such a claim would likely be barred by the *Rooker-Feldman* doctrine which precludes lower federal courts from reviewing final state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dahl v. Fla. Dep't of Highway Safety & Motor Vehicles*, No. 6:20-CV-1594-WWB-LRH, 2021 WL 6276213, at *2 (M.D. Fla. July 23, 2021) (applying the *Rooker-Feldman* doctrine to a complaint requesting a court to vacate a traffic ticket).

The *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012). The doctrine bars claims that are inextricably intertwined with a state court judgment such that the federal court litigant is seeking to "effectively nullify the state court judgment." *See Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018). This includes both requests to nullify the judgment directly and indirectly. *See Castro v. Lewis*, 777 F. App'x 401, 406 (11th Cir. 2019).

Additionally, Plaintiff has a pending case open related to driving with a suspended license (Marion County case no. 20MM006657AX). Under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, district courts are instructed to "refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Insurance Co. v. Tillis Trucking Co., Inc.,* 124 F.3d 1258, 1261 (11th Cir.1997) (explaining that *Younger* abstention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings). The *Younger* abstention doctrine is based on the premise that a pending state

prosecution will provide the accused with a sufficient chance to vindicate his federal rights. *Turner v. Broward Sheriff's Office*, 542 Fed. Appx. 764, 766 (11th Cir. 2013).

In determining the applicability of this doctrine, the Court asks three questions: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do [the proceedings] implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir. 2003). Here, abstention is appropriate since the traffic ticket proceedings against Plaintiff were (and still are) pending; the proceedings involve important state interests; and Plaintiff has not claimed he was barred from raising constitutional claims in state court.

Moreover, as the court previously informed Plaintiff, to the extent that Plaintiff is attempting to sue the State of Florida, his claim is likely barred by the Eleventh Amendment. *Uberoi v. Sup. Ct. of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016) ("Eleventh Amendment sovereign immunity prohibits federal courts from entertaining suits brought by citizens against a state. . ."). Absent a waiver or express congressional abrogation, which do not appear to be present in this case, the Eleventh Amendment bars suits against a state. *Id.*

Since Plaintiff has failed to allege a cognizable cause of action within the Court's limited jurisdiction, it is **recommended** that the motion to proceed *in forma pauperis* (Doc. 2) be **denied** and the amended complaint (Doc. 11) be **dismissed**.

Recommended in Ocala, Florida on May 2, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

- 5 -

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy